IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DM RECORDS, INC.,
 a Florida Corporation,

    Plaintiff,                            CASE NO.: _____

vs.

WARNER MUSIC GROUP CORP.,
a Delaware Corporation,

    Defendant.
_____/

**COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

    Plaintiff, DM RECORDS, INC. ("DM Records" or "Plaintiff") sues Defendant, WARNER MUSIC GROUP CORP ("WMG") and asserts:

    1.    These claims arise under the Copyright Laws of the United States, 17 U.S.C. § 101, et seq., and 28 U.S.C. § 1338 as hereinafter more fully asserted.

**PARTIES**

    2.    DM Records is a Florida Corporation authorized to do business and doing business in the music content industry at its principal place of business in North Miami Beach, Florida.

    3.    WMG is a Delaware corporation with its principal place of business in New York, New York.

1

4.      This is an action for damages and injunctive relief of a value greater than $75,000.00.

## JURISDICTION

5.      This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) as an action under 17 U.S.C. § 101, et seq. this Court also has jurisdiction under 28 U.S.C. § 1332 as an action between citizens of different states with an amount in dispute exceeding $75,000.00.

6.      Defendant is within the jurisdiction of this Court under Florida Statutes § 48.193, in that Defendant has engaged in or carried on business in this state, has caused injury to Plaintiff within the state arising out of acts of the Defendant outside of the state at a time when Defendant's products were used and consumed within this state in the ordinary course of commerce and use. Furthermore, this court has jurisdiction over WMG in that WMG has engaged in substantial and not so isolated activity within the state.

7.      Venue is proper in this state pursuant to 28 U.S.C. § 1391(b) and (c).

## GENERAL ALLEGATIONS

8.      DM Records, Inc. is an independent music content company based in North Miami Beach, Florida.

9.      DM owns rights to an extensive catalog of music, including a number of past gold and platinum hits such as "Whoomp! There it Is" by Tag Team.

10.     Plaintiff is the exclusive registered owner of the 1,030 musical composition and sound recording copyrights for each of the songs as listed in **Exhibit A**, attached hereto (collectively, the "Copyrighted Works").

2

11. Due to the growth in recent years of mobile Internet, selling sound recordings to mobile phone users for ringtones and ringbacks has become an important source of revenue to DM Records.

12. DM Records currently distributes its musical content through WMG and digital content through iTunes and The Orchard.

13. WMG is the only stand alone music company that is publicly traded in the United States. WMG owns some of the best known record labels in the music industry and owns a catalog of more than one million copyrights.

14. DM Records entered an exclusive distribution agreement ("Distribution Agreement") with REP Sales, Inc. d/b/a Ryko Distribution ("Ryko") in 1999. Ryko was a well known independent record label that distributed music worldwide. The Distribution Agreement provided distribution rights for DM's physical catalog of CD titles.

15. WMG acquired Ryko in 2006 and continues to operate Ryko to this day.

16. In 2007, DM and Ryko modified certain terms of the Distribution Agreement by entering into a non-exclusive agreement for distribution of DM's digital catalog of songs (the "Digital Agreement"), including selling ringtones, digital downloads, and streaming downloads. A copy of the Digital Agreement is attached hereto as **Exhibit B**. The Digital Agreement stated that there would be no cross-collateralizing of any monies due from digital revenues with the physical sales.

17. Shortly after entering into the Digital Agreement, WMG held all the digital revenue without any payments to Plaintiff.

3

18.     The Digital Agreement ended on March 1, 2009. WMG had full knowledge of the expiration of the Digital Agreement. At that time, Ryko/WMG no longer had any right to continue distributing the Copyrighted Works.

19.     Effective October 1, 2009, "The Orchard" was granted the exclusive digital rights (excluding iTunes) to Plaintiff's entire catalog of music (about 2,508 tracks).

20.     Despite the termination of the Digital Agreement in early 2009, WMG continued distributing and selling Plaintiff's Copyrighted Works without Plaintiff's consent to, among others, ATT Mobility, Verizon Wireless, T-Mobile, Apple, Boost Mobile, Fox Mobile, WMI, MusicNet, Napster, Amazon Digital, Liquid Audio and more.

21.     WMG has continued collecting fees for its continued sales of Plaintiff's Copyrighted Works but has failed to remit any such revenue to Plaintiff.

22.     As of February 2011, WMG stopped providing Plaintiff with monthly digital sales reports.

23.     Upon information and belief, WMG continues selling Plaintiff's Copyrighted Works to this day.

24.     Plaintiff is currently and at all relevant times has been the sole proprietor of all right, title and interest into the Copyrighted Works and has produced and distributed the Copyrighted Works in strict conformity with the provisions of the Copyright Act of 1976 and all other laws governing copyright.

25.     WMG distributed digital copies of the Copyrighted Works by sale or other transfer of ownership.

EHRENSTEIN CHARBONNEAU CALDERÍN
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

26. Despite Plaintiff's request that it cease and desist from selling Plaintiff's Copyrighted Works and that it account for and pay to Plaintiff all revenue from such illegal sales, Defendant has failed to remit the payments or cease the infringing conduct.

## Count I
## Damages for Direct Copyright Infringement, 17 U.S.C. § 101, et seq.
## Regarding Copyrighted Works
## By Unauthorized Sales to Third Parties

27. Plaintiff repeats and realleges paragraphs 1 through 26, as though fully set forth herein.

28. Through the conduct alleged herein, WMG participated and continues to participate in unauthorized sales to third parties of the sound recordings listed on Exhibit A, which constitutes infringement upon Plaintiff's Musical Composition and Musical Recording copyrights for each of the Copyrighted Works as listed on Exhibit A in violation of 17 U.S.C. § 106, 115, and 501.

29. Such unauthorized sales include but are not limited to exploitation for digital downloading, ringtones, ringbacks, streaming content and on other uses currently unknown to the Plaintiff.

30. By such acts, Defendant has illegally distributed, made available and placed into the stream of commerce Plaintiff's Copyrighted Works.

31. Each infringement by Defendant in and to the Copyrighted Works constitutes a separate and distinct act of infringement.

32. Defendant's acts of infringement were willful, in disregard of and with indifference to the rights of Plaintiff.

5

33. As a direct and proximate result of the infringements by Defendant, Plaintiff is entitled to damages and Defendant's profits in amounts to be proven at trial which are not currently ascertainable.

34. Alternatively, Plaintiff is entitled to the maximum statutory damages in the amount of $150,000 with respect to each work infringed, or for such other amounts as may be proper under 17 U.S.C. § 504(c).

35. Plaintiff is further entitled to recover attorneys' fees and full costs from Defendant pursuant to 17 U.S.C. § 505.

Wherefore, Plaintiff demands Judgment against Defendant WMG for damages at Plaintiff's option as provided for in 17 U.S.C. § 504, together with interest, costs and attorneys' fees pursuant to 17 U.S.C. § 505 and such other and further relief as the Court deems just and proper.

## Count II
## Injunctive Relief for Copyright Infringement, 17 U.S.C. §§ 502 and 503

36. Plaintiff realleges and reasserts paragraphs 1 through 35 as though fully set forth herein.

37. This is an action for injunctive relief pursuant to 17 U.S.C. §§ 502 and 503.

38. Defendant continues to have dominion and to infringe over the Copyrighted Works of Plaintiff and continues to offer for sale their infringing products nationwide and in the State of Florida.

6

**EHRENSTEIN CHARBONNEAU CALDERÍN**
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

39. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes that unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiff's Copyrighted Works.

40. Plaintiff is entitled to an injunction restraining WMG, its officers, agents and employees, and all persons acting in concert with them, from engaging in further acts in violation of copyright laws.

41. Plaintiff is entitled to an injunction pursuant to 17 U.S.C. § 502.

42. Plaintiff is entitled, pursuant to 17 U.S.C. § 503 to an order of this Court impounding on such terms as this Court may deem reasonable all infringing products containing unauthorized copies of Plaintiff's Copyrighted Works and destruction of all such infringing copies as a final order of this Court.

43. Plaintiff is entitled to recover its attorneys' fees to undersigned counsel for pursuing its rights in this action.

44. All conditions precedent to the filing of this action have been performed or otherwise occurred.

Wherefore, Plaintiff respectfully requests permanent injunctive relief enjoining WMG from infringing upon Plaintiff's copyrighted music compositions and impounding all infringing copies and order destruction or other reasonable disposition of all infringing copies, assessing attorneys' fees and costs, and such further relief as this Court deems just and proper.

7

**Demand for Jury Trial**

Plaintiff demands Jury Trial of all issues.

Dated this 26th day of April, 2011.

        Respectfully Submitted,

        EHRENSTEIN CHARBONNEAU CALDERIN
        Counsel for Plaintiff
        501 Brickell Key Drive, Suite 300
        Miami, Florida 33131
        Telephone:   (305) 722.2002
        Facsimile:   (305) 722.2001

        */s/ Richard C. Wolfe*
        RICHARD C. WOLFE, ESQ.
        Florida Bar No: 355607
        rwolfe@ecclegal.com

8

**EHRENSTEIN CHARBONNEAU CALDERÍN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**