UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DM RECORDS, INC., :
a Florida Corporation, :
: 1:11-cv-21465-UU
Plaintiff, :
:
- against - :
:
WARNER MUSIC GROUP CORP., :
a Delaware Corporation, :
:
Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE RYKO'S AFFIRMATIVE DEFENSES AND
TO DISMISS RYKO'S COUNTERCLAIM**

REP Sales, Inc., d/b/a Ryko Distribution ("Ryko"), by its attorneys, Macht, Shapiro, Arato & Isserles LLP and Gray Robinson, P.A., respectfully files this memorandum of law in opposition to Plaintiff's motion to strike Ryko's affirmative defenses and to dismiss Ryko's counterclaim.

**PRELIMINARY STATEMENT**

Plaintiff DM Records, Inc. ("DM") commenced this action for copyright infringement against Warner Music Group Inc. ("WMG") alleging that WMG purportedly "continued distributing and selling" various copyrighted sound recordings after the alleged termination of a distribution agreement authorizing such activity. As DM well knew, WMG was not a party to that agreement and never engaged in any distribution or sale of DM's sound recordings. On August 19, 2011, REP Sales, Inc., d/b/a Ryko Distribution ("Ryko"), an indirect subsidiary of WMG and the party to the

distribution agreement, moved to intervene in this case, and submitted a proposed Answer and Counterclaims.

By Order dated August 23, 2011, this Court expedited the schedule on Ryko's motion and directed that responses be filed by August 29, 2011.  *See* Docket Entry #22.  DM filed no response.  Instead, on August 26, 2011, it filed its own motions to strike Ryko's proposed affirmative defenses and to dismiss Ryko's proposed counterclaim.  DM's motions are procedurally defective.  DM made no effort to meet and confer with Ryko, as is required by Local Civil Rule 7.1(a)(3) for motions to strike.

In any event, DM's motions amount to nothing more than an exercise in gamesmanship designed to delay this litigation.  Indeed, courts in this district have long disfavored motions to strike affirmative defenses because they are dilatory and harassing and merely amass unnecessary costs.  That is precisely the case with Ryko's motion to strike Ryko's affirmative defenses.  Indeed, Ryko's affirmative defenses are identical to those pled by WMG over three months ago – and which DM never sought to strike.  DM's motion to dismiss Ryko's counterclaim based on the distribution agreement's forum selection clause also smacks of disingenuous calculation.  Indeed, DM has already invoked the distribution agreement in this case, yet it seeks to prevent Ryko from doing the same.  DM has also welcomed Ryko's entrance into this case "as an additional defendant," yet it seeks to prevent Ryko from asserting its own valid claims against Ryko.  DM cannot have its cake and eat it too; it cannot both have the benefit of Ryko as a defendant in a case involving the parties' distribution agreement while trying to avoid the burden of Ryko's counterclaim based on that same document.  In any event, because Ryko's counterclaim shares the same factual and legal bases as several of its affirmative

defenses, those issues will be litigated in this forum even absent any counterclaim. Dismissing the counterclaim and forcing Ryko to bring a separate lawsuit in New York would therefore result in parallel proceedings that are not only inefficient but also risk competing judgments, yet another reason that DM's motion to dismiss should be denied.

## FACTUAL BACKGROUND

On November 1, 1999, DM and Ryko entered into a distribution agreement governing a broadly defined set of DM's sound recordings (the "Distribution Agreement"). Among other things, the Distribution Agreement contains a forum selection clause that provides, in relevant part, that the parties "agree that any action, suit or proceeding based upon any matter, claim or controversy arising hereunder or relating hereto shall be brought solely in the state or federal courts in the county of New York . . . ." *See* Distribution Agreement, attached to Plaintiff's Motion ("Pl. Mot."), at ¶ 13(f).

Nonetheless, on April 26, 2011, DM filed this lawsuit in the Southern District of Florida against WMG for copyright infringement arising out of its alleged distribution and sale of DM's copyrighted sound recordings after the purported termination of the Distribution Agreement. *See* Cmplt. ¶¶ 18, 28-30. Although DM recognized in the Complaint that Ryko, not WMG, was the signatory of the Distribution Agreement, *see, e.g.*, *id.* ¶ 14 ("DM Records entered [into] an exclusive distribution agreement . . . with [Ryko] in 1999"), it sued WMG and not Ryko.

On May 18, 2011, WMG answered DM's Complaint. *See* Docket Entry #4. In its pleading WMG asserted the same affirmative defenses, without objection from DM, that DM now challenges in its motion to strike.

On August 19, 2011, Ryko moved to intervene in this action and to assert affirmative defenses as well as a breach of contract claim against DM. Ryko's motion was granted by order dated September 6, 2011.

## ARGUMENT

### I. DM's Motion to Strike Ryko's Affirmative Defenses Is Harrassing and Should Be Denied

DM's motion to strike is harassing and vexatious. As recognized by one of the cases DM cites in its motion papers, "motions to strike affirmative defenses are not favored by the federal courts because of their somewhat dilatory and often harassing character that merely amass unnecessary costs." *Mid-Continent Casualty Co. v. Active Drywall South, Inc.*, 765 F. Supp. 2d 1360, 1361 n.1 (S.D. Fla. 2011). Courts in this Circuit have repeatedly noted that a motion to strike a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice." *Tracfone Wireless, Inc. v. Access Telecom, Inc.*, 642 F. Supp. 2d 1354, 1361 (S.D. Fla. 2009) (quoting *Augustus v. Bd. of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)). As such, motions to strike "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.*; *see also Action Nissan, Inc. v. Hyundai Motor America*, 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (holding that "even when technically appropriate and well-founded," motions to strike pleadings "often are not granted in the absence of a showing of prejudice to the moving party" and denying motion to strike even where affirmative defense was pled in "conclusory manner" because plaintiff "failed to demonstrate any prejudice that would warrant the drastic remedy of striking").

DM itself implicitly recognizes the dilatory nature of its own motion by asking that the affirmative defense "be stricken, with leave to amend." Pl. Mot. at 2.  Indeed, DM has not even attempted to show that Ryko's affirmative defenses are unrelated to the controversy or that they prejudice DM.  Nor can it.  To the contrary, Ryko's affirmative defenses are *identical* to those asserted by WMG in the answer it filed over three months ago, on May 18, 2011.  *See* Docket Entry #4.  DM never moved to strike WMG's affirmative defenses, and it is now long out of time to do so.  *See* Fed. R. Civ. P. 12(f) (motion to strike must be made "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading").

Moreover, Ryko's answer gives DM "fair notice" of many of its affirmative defenses and their bases, which is what the Supreme Court requires.  As the cases cited by DM recognize, the Federal Rules do "not obligate a defendant to set forth detailed and particular facts." *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).  Instead, Federal Rule of Civil Procedure 8(b) requires defendants to "state in short and plain terms" its defenses, which courts have interpreted to "require[] only that the defendant give 'fair notice' of the defense and 'the grounds upon which it rests.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  For example, several of Ryko's affirmative defenses are mirror images of Ryko's breach of contract counterclaim.  Thus, DM has "fair notice" of the bases of Ryko's unclean hands and copyright misuse defenses because Ryko alleges that DM breached the Distribution Agreement both by undercutting its grant of exclusive rights to Ryko to exploit DM's recordings and by refusing to indemnify Ryko for ongoing defense costs in connection with another lawsuit.  *See* Declaration of Cynthia S. Arato, dated August 19, 2011

("August 19 Arato Dec."), Exh. A (Ryko's Proposed Answer & Counterclaims), at Counterclaims ¶¶ 5-6, 15-17.

Finally, DM's motion to strike is remarkably disingenuous given that it has routinely filed answers in this District that plead many of the same affirmative defenses as those pled by Ryko and in virtually identical fashion. *Compare, e.g.*, Declaration of Cynthia S. Arato, dated September 12, 2011 ("Sept. 12 Arato Dec."), Exh. A (DM Answer), at 15 ("Plaintiffs['] claims are barred, in whole, or in part, because any injuries or damages allegedly suffered by plaintiffs were caused by the action of plaintiffs or of third parties over which DM had no control.") *with* August 19 Arato Dec., Exh. A (Ryko's Proposed Answer & Counterclaims), at 6 ("Any harm alleged to have been suffered by Plaintiff is the result of acts or omissions on the part of persons over whom Ryko had no control."); Sept. 12 Arato Dec., Exh. B (DM Answer), at 15 ("Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, estoppel and/or laches.") *with* August 19 Arato Dec. Exh. A, at 5 (separately pleading affirmative defenses for waiver, acquiescence, estoppel, and laches).

Accordingly, DM's motion to strike should be denied. In the alternative, Ryko should be permitted, as DM itself acknowledges, to replead its defenses.

## II.     Ryko's Counterclaim Is Appropriately Asserted in the Southern District of Florida

DM's two-paragraph motion to dismiss Ryko's counterclaim for improper venue is yet another example of gamesmanship. DM tries to have it both ways: it asserts that it "does not object to Ryko entering this action as an additional defendant" yet it seeks to preclude Ryko from asserting a counterclaim for DM's breach of the

6

Distribution Agreement.  Pl. Mot. at 2.  Plainly, DM cannot both sue Ryko and tie Ryko's hands with respect to counterclaims.

This is particularly true here, where the Distribution Agreement forms the heart of the Complaint.  Thus, by consenting to sue Ryko in this forum on claims "relating" to the Distribution Agreement, *see* Agreement, attached to Pl. Mot.", at ¶ 13(f), DM itself has waived the forum selection clause it now seeks to invoke against Ryko.  *Cf. Chmura v. Monaco Coach Corp.*, 2005 WL 1705469, at *2 (M.D. Fla. July 19, 2005) (holding that defendant waived right to enforce forum selection clause where it had been "actively litigating" case in another forum for ten months); *see also Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1331 (11th Cir. 2011) ("relating to or arising from" language in a forum selection clause "includes all claims arising 'directly or indirectly' from the relationship evidenced by the contract").  In this action, DM sues Ryko/WMG for copyright infringement based on their alleged continued distribution and sale of DM's works after the purported termination of the Distribution Agreement in March 2009, *see* Cmplt. ¶¶ 18, 28-30, an allegation which Ryko disputes, *see* WMG Answer (Docket Entry #4), ¶ 18 (denying that the agreement terminated as alleged).  DM's copyright infringement claim thus arises "directly or indirectly" from the Distribution Agreement.  Having asserted its claims in this forum, DM cannot now invoke the Distribution Agreement's forum selection clause to prevent Ryko from asserting its own counterclaim against DM.

Moreover, as a practical matter, the factual and legal bases for Ryko's counterclaim will be litigated in this forum because, as discussed *supra*, Ryko's unclean hands and copyright misuse defenses overlap with Ryko's breach of contract

counterclaim. Accordingly, if the Court were to dismiss Ryko's counterclaim, Ryko would be forced to file a new lawsuit in New York and litigate similar facts and legal issues there. As another court in this District has recognized, however, where the "result of enforcement of the forum selection clause would be parallel proceedings in different forums on the same set of facts and legal issues," the "sake of judicial economy and consistency of judgment" favors non-enforcement of the forum selection clause in order to avoid "the unreasonable and, arguably, unjust result of judicial inefficiency and potentially competing judgments." *Woods v. Christensen Shipyards, Ltd.*, 2005 WL 5654643, at *11 (S.D. Fla. Sept. 23, 2005) (internal quotations omitted) (whether the "'enforcement would be unreasonable and unjust'" is a "final and overarching consideration that must be examined by the Court before determining the enforceability" of a forum selection clause) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).[1]

Accordingly, for all of these reasons, DM's motion to dismiss Ryko's counterclaim for improper venue should be denied.

---

[1] Should this Court grant DM's motion to dismiss the counterclaim, Ryko respectfully requests that the Court make clear that Ryko may file the claim in the Southern District of New York so as to ensure that DM cannot seek to thwart any such filing in New York by arguing that Ryko's claim should have been brought as a compulsory counterclaim here.

## CONCLUSION

For all of these reasons, Ryko respectfully requests that this Court (i) deny DM's motion to strike Ryko's affirmative defenses; and (ii) deny DM's motion to dismiss Ryko's counterclaim.

Respectfully submitted,

Dated: New York, New York
September 12, 2011

GRAY ROBINSON, P.A.

By: _____/s/ Karen L. Stetson_____
    Karen L. Stetson

1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887
Karen.Stetson@gray-robinson.com

-and-

Cynthia S. Arato
Danna Drori
MACHT, SHAPIRO, ARATO & ISSERLES LLP
The Grace Building
1114 Avenue of the Americas, 45th Floor
New York, NY  10036
Telephone:  (212) 479-6724
Facsimile: (212) 202-6417
carato@machtshapiro.com

*Attorneys for Ryko*