UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:11-cv-21465-KMW

DM RECORDS, INC.,

       Plaintiff,
v.

WARNER MUSIC
GROUP CORP.,

       Defendant.
_____/

AMENDED COMPLAINT

Plaintiff, DM Records, Inc. ("DM" or "Plaintiff"), sues Defendant, Warner Music Group Corp. ("WMG" or "Defendant"), and states:

PARTIES, JURISDICTION AND VENUE

1. DM is a Florida corporation doing business in the music industry at its principal place of business in North Miami Beach, Florida.

2. Defendant is a Delaware corporation with its principal place of business being in New York City, New York.

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as it involves a dispute between citizens of different states and over $75,000 is at issue.

4. The Court has personal jurisdiction over the Defendant under Section 48.193, Florida Statutes, as the Defendant has operated, conducted or engaged in or carried on a business or business venture in Florida; Defendant has committed a tortious act within Florida and caused injury to DM in Florida. Additionally, the Defendant is engaged in substantial activity within Florida.

5. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b) and (c).

<u>GENERAL ALLEGATIONS</u>

6. Plaintiff is an independent music content company which owns the rights to an extensive catalog of musical compositions.

7. Plaintiff is the exclusive registered owner of the musical composition copyrights for each of the songs listed in attached "Exhibit A" ("Copyrighted Works").

8. Plaintiff entered into an exclusive distribution agreement ("Distribution Agreement") with REP Sales, Inc. dba Ryko Distribution ("Ryko") in 1999 for Plaintiff's sound recordings. The Distribution Agreement provided Ryko with the right to distribute Plaintiff's physical catalog of CD titles.

9. Defendant acquired Ryko in the year 2006, and on information and belief, Defendant continues to control and operate Ryko.

10. In 2007, Plaintiff and Ryko modified certain terms of the distribution agreement by entering into a nonexclusive agreement for distribution of Plaintiff's digital catalog of sound recordings ("Digital Agreement"), including selling ring tones, digital downloads and streaming downloads. A copy of the Digital Agreement is attached hereto as "Exhibit B". The Digital Agreement provides that there would be no cross collateralizing of any monies due from digital revenues with physical sales.

11. Shortly after the Defendant acquired Ryko, it held all the digital revenues without making any payments to Plaintiff.

12. The Digital Agreement ended on September 30, 2009. Defendant had full knowledge of the expiration of this agreement and at that time, Ryko and the Defendant no longer had any right to continue exploiting the Plaintiff's Copyrighted Works.

13. Defendant never obtained any digital phono delivery licenses for any of the copyrighted works after October 1, 2009.

14. Despite the termination of the Digital Agreement on September 30, 2009, Defendant continued distributing and selling Plaintiff's copyrighted works without Plaintiff's

consent to AT&T Mobility, Verizon Wireless, T-Mobile, Apple, Boost Mobile, Fox Mobile, WMI, MusicNet, Napster, Amazon Digital, Liquid audio and to others.

15. Since the termination of the Digital Agreement, Defendant has continued collecting fees for its continued sales of Plaintiff's copyrighted works, but has failed to remit any revenue derived from the sales to the Plaintiff.

16. To date, Defendant continues to sell Plaintiff's copyrighted works without Plaintiff's permission.

17. Plaintiff is currently and at all times has been the sole proprietor of all right, title and interest in the copyrighted works and has produced and distributed the copyrighted works in strict conformity with the provisions of the Copyright Act of 1976 and all other laws governing copyright.

18. Defendant distributed digital copies of the copyrighted works by sale or other transfer of ownership.

19. Despite Plaintiff's request that Defendant cease and desist from selling Plaintiff's copyrighted works and that Defendant account for and pay to Plaintiff all revenues derived from such illegal sales, the Defendant has failed to remit the payments or to cease the infringing conduct.

COUNT I - DAMAGES FOR COPYRIGHT INFRINGEMENT

20. The allegations of above paragraphs 1 through 19 are incorporated into this Count by reference.

21. Defendant participated and continues to participate in unauthorized sales to third parties of the musical compositions listed on "Exhibit A', which constitutes copyright infringement upon each of the Plaintiffs copyrighted works in violation of 17 U.S.C. § 106, 115 and 501.

22. Such unauthorized sales include, but are not limited to, exploitation for digital downloading, ring tones, ring backs, streaming content and other uses currently unknown to the Plaintiff.

23. By such acts, Defendant has illegally distributed, made available and placed into the stream of commerce Plaintiffs copyrighted works.

24. Each infringement by the Defendant in and to the copyrighted works constitutes a separate and distinct act of infringement.

25. Defendant's acts of infringement are willful and in disregard of and with indifference to the Plaintiff's rights.

26. Because of the Defendant's infringement, Plaintiff is entitled to damages and to Defendant's profits derived from the wrongful distribution, sale or use of Plaintiff's copyrighted works.

27. Alternatively, Plaintiff is entitled to statutory damages for each copyrighted work infringed upon as provided for by 17 U.S.C. § 504(c).

28. Plaintiff is also entitled to recover its attorney's fees and costs from the Defendant pursuant to 17 U.S.C. § 505.

Wherefore, Plaintiff demands judgment for damages plus an award of attorney's fees and costs.

## COUNT II - INJUNCTIVE RELIEF

29. The allegations of above paragraphs 1 through 19 are incorporated into this Count by reference.

30. This is an action for injunctive relief pursuant to 17 U.S.C. § 502 and 503.

31. Defendant continues to infringe upon the Plaintiffs copyrighted works by distributing, selling and using the Plaintiffs copyrighted works nationally and in Florida.

32.     Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable harm, for which there is no adequate remedy at law. Unless enjoined or restrained by this Court, Defendant will continue to infringe upon Plaintiff's copyrighted works.

33.     Plaintiff is entitled to an injunction restraining the Defendant, its officers, agents, employees and subsidiaries from engaging in further acts of copyright infringement.

34.     Plaintiff is entitled to an injunction pursuant to 17 U.S.C. § 502 and is entitled pursuant to 17 U.S.C. § 503 to an order impounding all of the infringing products which contain unauthorized copies of the Plaintiffs copyrighted works and to the destruction of all infringing copies in the Defendant's possession.

35.     Plaintiff is entitled to recover its attorney's fees from the Defendant.

Wherefore, Plaintiff demands temporary and permanent injunctive relief enjoining the Defendant from infringing upon the Plaintiffs copyrighted works, impounding all infringing copies and ordering the destruction or other reasonable disposition of all infringing copies. Plaintiff further requests an award of attorney's fees and costs.

## CERTIFICATE OF SERVICE

I certify that on December 11, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record in this action via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/ Mark Goldstein  
MARK GOLDSTEIN  
FL Bar No: 882186  
111 NE 1st St., 3rd Floor  
Miami, FL 33132  
Telephone (305) 390-2341  
E-mail: markgoldstein98@yahoo.com