UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

----------------------------------- x
DM RECORDS, INC., :
a Florida Corporation, :
: 1:11-cv-21465-KMW
Plaintiff, :
:
- against - : **ANSWER**
:
WARNER MUSIC GROUP CORP., :
a Delaware Corporation, :
:
Defendant. :
:
:
----------------------------------- x

Defendant Warner Music Group Corp. ("WMG"), by its attorneys, Shapiro, Arato & Isserles LLP and Gray Robinson, P.A., as and for their answer to the Amended Complaint, responds as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Complaint.

2. Admits the allegations in paragraph 2 of the Amended Complaint.

3. Avers that no response is required to the allegations in paragraph 3 of the Amended Complaint, which constitute Plaintiff's legal conclusions regarding jurisdiction.

4. Avers that no response is required to the allegations in paragraph 4 of the Amended Complaint, which constitute Plaintiff's legal conclusions regarding jurisdiction. To the extent a response is required, denies the allegations.

5. Avers that no response is required to the allegations in paragraph 5 of the Amended Complaint, which constitute Plaintiff's legal conclusions regarding venue.

6.	Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Amended Complaint.

7.	Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Amended Complaint.

8.	Denies the allegations in paragraph 8 of the Amended Complaint, except admits that Plaintiff and REP Sales, Inc., d/b/a Ryko Distribution ("Ryko") are parties to the Distribution Agreement and respectfully refers the Court to that document, as amended, for its contents.

9.	Denies the allegations in paragraph 9 of the Amended Complaint.

10.	Denies the allegations in paragraph 10 of the Amended Complaint, except admits that Exhibit B to the Amended Complaint is a true and correct copy of an amendment to the Distribution Agreement, as of February 22, 2007, and respectfully refers the Court to that document for its contents.

11.	Denies the allegations in paragraph 11 of the Amended Complaint, and further avers that Ryko properly accounted to Plaintiff under the Distribution Agreement, as amended, and, pursuant to that agreement, properly withheld monies otherwise due to Plaintiff.

12.	Denies the allegations in paragraph 12 of the Amended Complaint.

13.	Admits the allegations in paragraph 13 of the Amended Complaint and further avers that WMG was not obligated to obtain the same.

14.	Denies the allegations in paragraph 14 of the Amended Complaint.

15. Denies the allegations in paragraph 15 of the Amended Complaint, and further avers that various third parties have remitted nominal monies for their exploitation of certain of Plaintiff's alleged works for the period on or after October 1, 2009.

16. Denies the allegations in paragraph 16 of the Amended Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Amended Complaint.

18. Avers that no response is required to the allegations in paragraph 18 of the Amended Complaint, which constitute conclusions of law and which are vague and unlimited as to time. To the extent a response is required, denies the allegations.

19. Denies the allegations in paragraph 19 of the Amended Complaint.

20. Repeats and realleges paragraph 1-19 of this Answer with the same force and effect as if more fully set forth herein.

21. Denies the allegations in paragraph 21 of the Amended Complaint.

22. Denies the allegations in paragraph 22 of the Amended Complaint.

23. Denies the allegations in paragraph 23 of the Amended Complaint.

24. Denies the allegations in paragraph 24 of the Amended Complaint.

25. Denies the allegations in paragraph 25 of the Amended Complaint.

26. Denies the allegations in paragraph 26 of the Amended Complaint.

27. Denies the allegations in paragraph 27 of the Amended Complaint.

28. Denies the allegations in the first sentence of paragraph 28 of the Amended Complaint. Avers that no response is required to the allegations in the unnumbered paragraph immediately following paragraph 28 of the Amended Complaint,

which constitute Plaintiff's demand for relief. To the extent a response is required, denies the allegations.

29. Repeats and realleges paragraph 1-28 of this Answer with the same force and effect as if more fully set forth herein.

30. Avers that no response is required to the allegations in paragraph 30 of the Amended Complaint, which constitute Plaintiff's characterization of this action. To the extent a response is required, denies the allegations.

31. Denies the allegations in paragraph 31 of the Amended Complaint.

32. Denies the allegations in paragraph 32 of the Amended Complaint.

33. Denies the allegations in paragraph 33 of the Amended Complaint.

34. Denies the allegations in paragraph 34 of the Amended Complaint.

35. Denies the allegations in paragraph 35 of the Amended Complaint. Avers that no response is required to the allegations in the unnumbered paragraph immediately following paragraph 35 of the Amended Complaint, which constitute Plaintiff's demand for relief. To the extent a response is required, denies the allegations.

## AFFIRMATIVE DEFENSES

As for affirmative defenses, the assertion of which is not intended to admit or in any way concede any of Plaintiff's allegations in this action, including that WMG is liable for any alleged act or omission of Ryko, WMG alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel. Plaintiff's infringement claim is based on sales and other exploitations of Plaintiff's works, as documented to Plaintiff by Ryko automatically and in good faith on regular

monthly accounting statements. Plaintiff accepted these statements without objection, despite its contractual obligation to raise its objections. WMG was not involved with the exploitation of DM material, had no knowledge that Plaintiff took issue with any of the third-party exploitations documented to Plaintiff by Ryko automatically and in good faith, and thereby relied on Plaintiff's failure to object to any of the accounting statements to its own detriment.

## SECOND AFFIRMATIVE DEFENSE

37. Plaintiff's claims are barred in whole or in part by the doctrine of waiver. Plaintiff's infringement claim is based on sales and other exploitations of Plaintiff's works by various third parties, as documented to Plaintiff by Ryko automatically and in good faith on regular monthly accounting statements. Plaintiff accepted those statements without objection, despite its contractual obligation to raise its objections, thereby exhibiting its intent to relinquish its purported rights under the United States Copyright Act with regard to Plaintiff's works.

## THIRD AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred in whole or in part by the doctrine of acquiescence and/or consent. Plaintiff's infringement claim is based on sales and other exploitations of Plaintiff's works by various third parties, as documented to Plaintiff by Ryko automatically and in good faith on regular monthly accounting statements. Plaintiff accepted those statements without objection, despite its contractual obligation to raise its objections.

**FOURTH AFFIRMATIVE DEFENSE**

39.     Plaintiff's claims are barred in whole or in part by the doctrine of laches. Plaintiff's infringement claim is based on sales and other exploitations of Plaintiff's works by various third parties, as documented to Plaintiff by Ryko automatically and in good faith on regular monthly accounting statements.  Plaintiff accepted these statements without objection despite its contractual obligation to raise its objections, an inexcusable delay which caused WMG undue prejudice.

**FIFTH AFFIRMATIVE DEFENSE**

40.     Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.  Ryko and DM are parties to a distribution agreement under which, among other things, DM granted Ryko the right to distribute DM's sound recordings digitally.  Despite DM's grant of rights to Ryko to exploit DM's recordings digitally, DM withheld a number of its recordings from Ryko and allowed others to distribute them.

**SIXTH AFFIRMATIVE DEFENSE**

41.     Plaintiff's claims are barred in whole or in part because Plaintiff granted a license, either express or implied.  Plaintiff's infringement claim is based on sales and other exploitations of Plaintiff's works by various third parties, as reported to Plaintiff by Ryko automatically and in good faith on regular monthly accounting statements.  Plaintiff accepted those statements without objection, despite its contractual obligation to raise its objections.  In addition, Plaintiff's claims are barred in whole or in part by the terms of the Distribution Agreement.   Plaintiff's claims are also barred to the extent various digital service providers ("DSPs") obtained licenses to exploit the musical compositions listed on Exhibit A of the Amended Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred in whole or in part by the doctrine of copyright misuse. Specifically, Plaintiff is bringing this action for improper purposes and to coerce WMG into compromising indemnity claims that Ryko possesses against Plaintiff in connection with a separate litigation and that are wholly unrelated to DM's rights under the United States Copyright Act.

### EIGHTH AFFIRMATIVE DEFENSE

44. Plaintiff's claims are barred, in whole or in part, by the contractual limitations clause contained in paragraph 9(a) of the Distribution Agreement.

### NINTH AFFIRMATIVE DEFENSE

45. Plaintiff's damages, if any, are limited, in whole or in part, by WMG's innocent intent. WMG was not involved in the exploitation of DM material. In addition, Ryko notified various DSPs to cease exploitation of sound recordings embodying the musical compositions listed on "Exhibit A" of the Amended Complaint for the period on and/or after October 1, 2009.

### TENTH AFFIRMATIVE DEFENSE

46. The harm alleged to have been suffered by Plaintiff, in whole or in part, is the result of acts or omissions on the part of persons over whom WMG has no control. In addition, although Ryko notified DSPs to cease exploitation of sound recordings embodying the musical compositions listed on "Exhibit A" of the Amended Complaint for the period on and/or after October 1, 2009, some of those third parties exploited certain of those compositions after that date. In addition, Ryko properly relied on various

DSPs to obtain licenses to exploit the musical compositions listed on "Exhibit A" of the Amended Complaint.

WHEREFORE, WMG demands judgment dismissing the Amended Complaint and granting such further relief as this Court deems proper, including an award of WMG's attorneys' fees, costs and disbursements.

Dated: New York, New York
January 12, 2012

                            GRAY ROBINSON, P.A.

                            By: __/s/ Karen L. Stetson_____
                                Karen L. Stetson

                            1221 Brickell Avenue, Suite 1600
                            Miami, Florida 33131
                            Telephone: (305) 416-6880
                            Facsimile: (305) 416-6887
                            Karen.Stetson@gray-robinson.com

                            -and-

                            Cynthia S. Arato
                            Danna Drori
                            MACHT, SHAPIRO, ARATO & ISSERLES LLP
                            The Grace Building
                            1114 Avenue of the Americas, 45th Floor
                            New York, NY  10036
                            Telephone:  (212) 479-6724
                            Facsimile: (212) 202-6417
                            carato@machtshapiro.com

                            *Attorneys for Warner Music Group Corp.*